FILED - 7/23/2021 5:25 PM
2021-DCL-04317 / 55666815
LAURA PEREZ-REYES
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

CAUSE NO. 2021-DCL-04317

| | | |
|---|---|---|
| GABRIEL H. GUZMAN<br>Plaintiff | § § § | IN THE DISTRICT COURT<br>Cameron County - 107th District Court |
| vs. | § § § | _____ JUDICIAL DISTRICT |
| SAM'S CLUB<br>Defendant | § § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**
**WITH REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, GABRIEL H. GUZMAN files this Original Petition complaining of Defendant SAM'S CLUB (hereinafter sometimes referred to as the "Defendant employer" or the "Defendant"), and for such cause of action would respectfully show unto the Court and jury as follows:

**I**
**DISCOVERY CONTROL PLAN**

1.0   Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this case will be conducted under Level 2.

**II**
**PARTIES**

2.0   Plaintiff, GABRIEL H. GUZMAN ("Mr. Guzman") is a resident of Harlingen, Cameron County, Texas, at all times relevant hereto.

2.1   Defendant SAM'S CLUB (SAM'S) is a Domestic Limited Partnership (LP) in Texas with its principal office in Texas, and may be served with process by serving its registered agent for this partnership as follows: LITTLER MENDELSON, PC., 2301 McGee Street, 8th Floor, Kansas City, MO 64108. Service shall be made through private process server.

**III**

**Exhibit C**

## JURISDICTION AND VENUE

3.0 This Court has jurisdiction because all parties are either residents of, located in, or have their principal place of business in Texas and the damages claimed are above the minimum jurisdictional limits of this Court.

3.1 Plaintiff asserts venue is proper and maintainable within Cameron County, Texas pursuant to one or more sections of the Texas Civil Practice and Remedies Code because all or part of the causes of action accrued within this county, and the Defendant is a resident of this county and/or has its principal place of business in this County.

## IV
## ADMINISTRATIVE PROCEDURES

4.0 On or about January 22, 2019, within one hundred eighty (180) days of the acts and/or occurrences complained of, Mr. Guzman jointly filed his initial complaint with the Texas Workforce Commission – Civil Rights Division (TWC-CRD), alleging that Defendant SAM'S CLUB had committed unlawful employment practices against him in violation of the Texas Labor Code.

4.1 On or about January 20, 2021, Mr. Guzman received a "Right to Sue" letter allowing him to file this lawsuit within sixty days of its receipt. Mr. Guzman's statutory claims have been filed more than 180 days since he filed his charge, and within sixty days of his receipt of the Right to Sue letter. *See* Exhibit "A" attached hereto and incorporated for all purposes by reference.

## V
## FACTUAL ALLEGATIONS

5.0 Mr. Guzman is a 72-year-old Hispanic male. On or about March 17, 2014, he returned to work as a greeter with SAM'S CLUB in Cameron County, Texas, and was promoted to gas

station attendant approximately a month later. At all times, Mr. Guzman was a hard-working, dedicated and loyal employee with exemplary monthly evaluations and reviews, and stellar production.

5.1  Despite his hard work and success for the company, on July 30, 2019 Mr. Guzman was told by SAM'S CLUB management that he was being terminated immediately for allegedly not doing a store checklist. Other District Managers in other areas in the company that allegedly failed to do store checklists were not terminated. Further, SAM'S CLUB failed and/or refused to follow its policies regarding discipline, including but not limited to its progressive disciplinary policy for such an infraction. Thereafter, SAM'S CLUB immediately hired Steve Smith, a younger, Anglo male, whom I personally trained, to replace me.

5.2  Mr. Guzman will show that the reasons SAM'S CLUB gave for his termination were false, or pretext, and the real reason he was terminated was because of his race/national origin and age, and that he was retaliated for complaining of same to SAM'S CLUB.

VI
STATUTORY CAUSES OF ACTION – VIOLATION OF THE
TEXAS COMMISSION ON HUMAN RIGHTS ACT

6.0  Mr. Guzman asserts and intends to prove that the treatment received by him was part of a pattern and practice engaged in by SAM'S CLUB and its employees towards several individuals similarly situated. This unwritten plan or scheme was to discriminate against, retaliate against, discharge or take some adverse employment against employees.

**Section 21.051 Discrimination by Employer:**

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age, the employer:

1. *Fails or refuses to hire an individual, discharges an individual or discriminates in any other manner against the individual in connection with compensation or the terms, conditions or privileges of employment; or*

2. *Limits, segregates or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of the employer.*

(Vernon's 2008) (emphasis added)

6.2   As a result of the discriminatory, desparate treatment, and/or disparate impact, Mr. Guzman's ultimate termination and the acts described herein, he has suffered damages as further alleged in this Petition.

## VII
## DISCRIMINATION AND DISCHARGE
## IN VIOLATION OF THE TEXAS LABOR CODE

7.0   Pursuant to Texas State law, Mr. Guzman pleads causes of action against SAM'S CLUB for age and race/national origin discrimination and discharge in violation of the Texas Labor Code. The allegations contained in all of the paragraphs of this Petition are hereby re-averred and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

7.1   SAM'S CLUB is an employer under the Texas Labor Code, subjecting itself to coverage under the statutes of the State of Texas. The conduct of SAM'S CLUB complained of above constituted wrongful termination and retaliation.

7.2   SAM'S CLUB and its agents, servants and employees improperly permitted such discriminatory and retaliatory conduct. SAM'S CLUB and its agents, servants and employees, knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory and retaliatory conduct and that there was a likelihood of someone being injured

as happened to Mr. Guzman. As such, Mr. Guzman sues SAM'S CLUB for discrimination, harassment, and wrongful termination and retaliation.

## VIII
## RETALIATION IN VIOLATION OF THE TEXAS LABOR CODE

8.0 Pursuant to the Texas State law, Mr. Guzman pleads causes of action against SAM'S CLUB for retaliation in violation of the Texas Labor Code. The allegations contained in all of the paragraphs of this Petition are hereby re-averred and re-alleged for purposes and incorporated herein with the same force and effect as if set forth verbatim.

## IX
## DAMAGES

9.0 As a result of the incidents described above made the basis of this suit, Mr. Guzman has incurred damages in the following respects:

Loss of Earnings

9.1 At the time of the incidents complained of, Mr. Guzman was gainfully employed. As a proximate result of the wrongful acts of SAM'S CLUB, Mr. Guzman was unable to attend to his occupation and was terminated, thereby suffering loss of income for which he sues. As a result of the wrongful acts of SAM'S CLUB, Mr. Guzman's earnings and capacity to earn a livelihood were severely impaired, and in all reasonable probability this loss of earnings and incapacity will continue long into the future, if not for the balance of his natural life, all to his damage. Mr. Guzman therefore sues for loss of earnings, the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law.

Past and Future Physical Pain and Mental Anguish

9.1 As a result of the incidents made the basis of this suit, Mr. Guzman has suffered physical as well as severe mental pain and anguish. Such mental pain and anguish includes grief, severe

disappointment, anxiety, indignation, embarrassment, wounded pride, shame, despair, worry and frustration, which has caused a substantial disruption in his life. Mr. Guzman has further suffered physical and mental damages, including but not limited to sleeplessness, loss of self esteem, loss of enjoyment of life and inconvenience. In all reasonable probability, Mr. Guzman will continue to suffer such physical pain and mental pain and anguish for a long time into the future, if not for the balance of his natural life.

## X
## EXEMPLARY DAMAGES

10.0   The conduct of SAM'S CLUB as set out above was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of Mr. Guzman.  Because of spite, ill will and malicious intend held by SAM'S CLUB and its management toward Mr. Guzman, they acted in willful and intentional manner, committed acts calculated to cause injury and/or damage to him.  SAM'S CLUB accordingly acted with malice, actual malice and/or specific intent to injure Mr. Guzman.  Mr. Guzman is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by SAM'S CLUB in the future.  Accordingly, Mr. Guzman requests that punitive damages be awarded against SAM'S CLUB as a result of their egregious violation of the law.

## XI
## ATTORNEY'S FEES

11.0   By reason of the allegations in this Petition, Mr. Guzman is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, he will show that he had employed attorneys to assist him in the prosecution of this action.  Mr. Guzman  and his attorneys further seeks an upward adjustment or enhancement to the <u>Lodestar</u> amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fees

is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Mr. Guzman fully expects that SAM'S CLUB will appeal this case. Mr. Guzman seeks attorney's fees to him for the attorney's fees he has and will incur in the prosecution of this lawsuit, at trial and on appeal. He further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assisted in the prosecution of the case. As permitted, Mr. Guzman also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## XII
## EXCLUSION OF ALL FEDERAL CLAIMS

12.0   Mr. Guzman hereby affirmatively states that he does not state a claim arising under any federal laws or statutes in this Petition. All of his claims are claims arising out of the Constitution, laws and statutes of the State of Texas.

## XIII
## JURY TRIAL REQUEST

13.0   Mr. Guzman requests that the trial be heard by a jury. Jury fees are tendered with this Petition.

## XIV.
## REQUESTS FOR DISCLOSURE

14.0   Mr. Guzman hereby request that Defendants disclose all required and necessary information and/or documents pursuant to Tex. R. Civ. Proc. Rule 194.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

   a.)   Judgment against Defendant, SAM'S CLUB, for all actual and/or compensatory, including but not limited to exemplary or punitive damages;
   b.)   Pre-judgment interest as allowed by law;
   c.)   Attorney, expert and litigation fees and expenses;
   d.)   Interest on said judgment at the legal rate from date of judgment;

e.) Costs of suit incurred herein; and
f.) Such other relief as the Court deems proper.

             Respectfully submitted,

             **GODINEZ LAW FIRM, P.C.**
             2415 N. 10th Street
             McAllen, Texas 78501
             Telephone No. (956) 682-5434
             Facsimile No. (956) 683-1172
             E-mail: ric@godinezlaw.com

             By: /s/ Ricardo R. Godinez
                 Ricardo R. Godinez
                 State Bar No. 00784137

             **ATTORNEY FOR PLAINTIFF**
             **GABRIEL H. GUZMAN**