United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GABRIEL H. GUZMAN, §<br>　*Plaintiff*, §<br>§<br>v. §<br>§<br>SAM'S CLUB, §<br>　*Defendant*. § | Cause Number 1:21-cv-192 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of "Defendant's Motion for Summary Judgment" ("Motion") (Dkt. No. 9), "Plaintiff's Response to Defendant's Mot[io]n for Summary Judgment" ("Response") (Dkt. No. 13), "Defendant's Amended Reply in Support of Defendant's Motion for Summary Judgment" ("First Amended Reply") (Dkt. No. 18), and "Plaintiff's Surreply in Support of Denial of Defendant's Motion for Summary Judgment" ("Surreply") (Dkt. No. 24). For the reasons provided below, it is recommended that Defendant's Motion be **GRANTED**.

## I. Introduction

This is an employment discrimination case arising out of the purported termination of Plaintiff, Gabriel Guzman, by Defendant, Sam's East, Inc. ("Sam's Club"). Guzman asserts state national origin discrimination, racial discrimination, age discrimination, and retaliation claims against Sam's Club. The Court finds the Motion to be meritorious based on Guzman's failure to: 1) prosecute his national origin discrimination claim; 2) prosecute his racial discrimination claim; 3) satisfy the

applicable statute of limitations for his age discrimination claim; and 4) exhaust administrative remedies for his retaliation claim.

## II.     Venue and Jurisdiction

Venue is proper in this Division and District because the purported events giving rise to Guzman's claims occurred here.  Dkt. Nos. 1-4 at 1-2, 8 at 1 (describing events occurring in Cameron County, Texas);[1]  28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claims occurred").  The Court has diversity subject matter jurisdiction over the claims because Guzman and Sam's Club are citizens of different states, and Guzman seeks more than $75,000 in damages.  Dkt. No. 1-4 at 1; Dkt. No. 1 at 1-2;[2] 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

## III.    Background

On March 17, 2014 Sam's Club hired Guzman, a Hispanic male, as a greeter at one of its stores in Cameron County, Texas.  Dkt. No. 1-4 at 2-3; Dkt. No. 8 at 2.  Shortly

---

[1] Neither Guzman nor Sam's Club identifies the address of the location (or even identifies the relevant store owned by Sam's Club) where the events giving rise to this lawsuit occurred, but Guzman alleges the events occurred in Cameron County, Texas, and Sam's Club does not deny same.

[2] Guzman admits that he is a resident of Cameron County, Texas.  Dkt. No. 1-4 at 1.  He also alleges that "Defendant SAM'S CLUB . . . is a Domestic Limited Partnership (LP) in Texas[.]"  Dkt. No. 1-4 at 1.  However, based on the Texas Secretary of State database, "SAM'S CLUB" is not a domestic legal entity.  Further, Sam's Club alleges that it is a citizen only of Arkansas for purposes of diversity jurisdiction.  Dkt. No. 1 at 1.  Sam's Club also alleges that the amount in controversy exceeds $75,000, including attorney's fees and exemplary damages.  Dkt. No. 1 at 2.  As of the date of this Report and Recommendation, Guzman has not moved to remand based on lack of diverse citizenship or insufficient amount in controversy.  Thus, the Court finds that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

thereafter, Sam's Club promoted Guzman to gas station attendant. Dkt. No. 1-4 at 2-3; Dkt. No. 8 at 2. On July 30, 2019, a Sam's Club manager allegedly informed Guzman "that he was being terminated immediately for allegedly not doing a store checklist." Dkt. No. 1-4 at 3. On the date of this alleged statement, Guzman was seventy years old. Dkt. No. 9-2 at 1.[3]

Guzman alleges that "[o]ther District Managers in other areas in the company that allegedly failed to do store checklists were not terminated." Dkt. No. 1-4 at 3.[4] He further alleges that the reason Sam's Club provided for his termination was a pretext and "the real reason he was terminated was because of his race/national origin and age, and that he was retaliated [against] for complaining of same[.]" Dkt. No. 1-4 at 3. Guzman also alleges that Sam's Club hired a "younger, Anglo male" to replace him. Dkt. No. 1-4 at 3.

On January 22, 2020, Guzman jointly filed an age discrimination complaint with the Civil Rights Division of the Texas Workforce Commission ("TWCCRD") and the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 13 at 2;[5] Dkt. No. 13-3 at 1. In response, Sam's Club asserted that it still employed Guzman and that Guzman did not suffer an adverse employment action because the issuance of a disciplinary action does not constitute an adverse employment action. Dkt. No. 9 at 3. On January 20, 2021, the TWCCRD issued to Guzman a Notice of Dismissal and Right to File Civil Action ("TWCCRD Letter"). Dkt. No. 9-3 at 1-2. The TWCCRD Letter notes that the TWCCRD

---

[3] Guzman was born on February 13, 1949.
[4] Guzman likely intended to allege that other gas station attendants, rather than other district managers, who failed to complete store checklists were not terminated.
[5] In his Petition, Guzman alleges he filed the TWCCRD complaint on January 22, 2019. Dkt. No. 1-4 at 2. However, based on the Motion for Summary Judgment, Response, and their attachments, the Court finds that Guzman filed his TWCCRD complaint on January 22, 2020. Dkt. Nos. 9 at 3, 9-2 at 1, 13 at 2, and 13-3 at 1.

is unable to conclude that the information it obtained establishes any violations of "the statutes" and further notes as follows:

> Pursuant to Sections 21.208, 21.252, 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

Dkt. No. 9-3 at 1-2.

On April 28, 2021, the EEOC issued to Guzman a Dismissal and Notice of Rights ("EEOC Letter"). The EEOC Letter notes that the EEOC adopted the findings of the TWCCRD and further notes as follows:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Dkt. No. 13-4 at 1. Guzman alleges he received the EEOC Letter in June 2021 and testified that "within a week or two of receiving the EEOC letter, I searched for attorneys to help me and retained [counsel] on July 8, 2021." Dkt. Nos. 13 at 2, 13-1 at 1.

On July 23, 2021, Guzman filed his "Original Petition with Request[s] for Disclosure" ("Petition") in the 107th District Court of Cameron County, Texas. Dkt. No. 1-4. Therein, Guzman asserts national origin, racial, and age discrimination claims under Section 21.051 of the Texas Labor Code and a retaliation claim under Section 21.055 of the Texas Labor Code. Guzman explicitly excludes federal claims from this civil action. Dkt. No. 1-4 at 7. He alleges that, on or about the date of the issuance of the TWCCRD Letter, he "received a 'Right to Sue' letter allowing him to file this lawsuit within sixty days of its receipt." Dkt. No. 1-4 at 2. In support of this allegation, Guzman references this

"Right to Sue" letter as an exhibit attached to his Petition, but he failed to attach same. Dkt. No. 1-4 at 2. More than three months later, on November 5, 2021, Guzman served the Petition and citation on Sam's Club. Dkt. Nos. 1-3 at 1 and 3, 13 at 2.

On February 15, 2022, Sam's Club filed "Defendant's First Amended Answer to Plaintiff's Original Petition[,]" in which it asserts, *inter alia*, a limitations defense. Dkt. No. 8 at 4. On the same date, Sam's Club also filed its Motion, in which it argues that this Court lacks subject matter jurisdiction over the racial and retaliation claims because Guzman has failed to exhaust his administrative remedies for these claims. Dkt. No. 9 at 5-6.[6] Sam's Club also asserts that Guzman's age discrimination claim fails because he failed to serve process on Sam's Club within sixty days of receipt of the TWCCRD Letter. Dkt. No. 9 at 6-7.

On March 15, 2022, Guzman filed his Response. Dkt. No. 13. Therein, Guzman alleges he never received the TWCCRD Letter despite simultaneously alleging he received same in his Petition and referencing the TWCCRD Letter as an exhibit to his Petition. Dkt. No. 1-4 at 2, 13 at 2. Guzman concedes that he received the EEOC Letter in June 2021. Dkt. No. 13 at 2. Regarding his racial discrimination claim, Guzman also concedes Sam's Club is correct in alleging it is barred for failure to include it in his underlying charge of discrimination; to date, however, Guzman has failed to file a Motion to Dismiss and/or otherwise comply with Federal Rule of Civil Procedure 41. Dkt. No. 13 at 3. Regarding his age discrimination claim, Guzman admits he failed to serve process on Sam's Club in a timely manner, but argues that the Court should excuse such failure

---

[6] Sam's Club has filed its dispositive motion under Federal Rule of Civil Procedure 56 rather than 12(b)(1).

because he used due diligence in effecting service of process. Dkt. No. 13 at 5-6.[7] Regarding his retaliation claim, Guzman asserts that he is not required to exhaust his administrative remedies by filing this claim with the TWCCRD first because it arises out of the age discrimination claim previously filed with the TWCCRD. Dkt. No. 13 at 6-7. Guzman does not discuss his national origin discrimination claim in his Response.

On March 24, 2022, Sam's Club filed its First Amended Reply. Dkt. No. 18. Therein, Sam's Club argues that the TWCCRD emailed the January 20, 2021 TWCCRD Letter to Guzman via email on February 2, 2021. Dkt. Nos. 18 at 3, 18-1 at 1. Sam's Club further argues that Guzman's lawsuit is barred by limitations regardless of whether he received the EEOC Letter in June 2021 as Guzman alleges or is presumed to have received it by May 1, 2021 (which is three days after the date of the EEOC Letter) because Guzman did not serve process on Sam's Club until after the period to do so expired. Dkt. No. 18 at 4.

On March 30, 2022, Guzman filed his Surreply.[8] Dkt. No. 24. Therein, he argues that his purported non-receipt of the TWCCRD Letter renders his lawsuit timely, and alternatively, that his due diligence in serving process renders his lawsuit timely. Dkt. No. 24 at 5-6. Guzman also repeats his argument that he is not required to exhaust administrative remedies with respect to his retaliation claim because it arises out of the age discrimination claim previously filed with the TWCCRD. Dkt. No. 24 at 7.

---

[7] Guzman fails to link this argument to a particular claim, but based on the context of the entire Response, this argument must apply to Guzman's age discrimination claim.
[8] Guzman attached to his Surreply objections to Sam's Club's summary judgment evidence, objections to Sam's Club's First Amended Answer, and a request to amend his complaint. Dkt. No. 24 at 1-2 and 7-8.

## IV. Applicable Law

### A. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

### B. Texas Commission on Human Rights Act

The Texas Commission on Human Rights Act ("TCHRA") renders unlawful age discrimination and retaliation by certain employers against an employee. *See* Tex. Labor. Code §§ 21.051 and 21.055. This statute applies to employers that have at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Tex. Labor Code § 21.002(8); 42 U.S.C. § 2000e(b). Specifically, the statute provides as follows:

> An employer commits an unlawful employment practice if because of race . . . national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Tex. Labor Code § 21.051.

> The TCHRA also provides as follows:
>
> An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:
>
> (1) opposes a discriminatory practice;
> (2) makes or files a charge;
> (3) files a complaint; or
> (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

Tex. Labor Code § 21.055. Importantly, it is "unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier [EEOC or local equivalent agency] charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981).

**C.     Administrative Exhaustion Requirements for TCHRA Claims**

Before filing a civil action, a claimant asserting a TCHRA violation must exhaust his or her administrative remedies by filing a complaint with the TWCCRD. *Harris Center for Mental Health and IDD v. McLeod*, 2022 WL 1632173, *4 (Tex. App.—Houston [1st] 2022). The claimant must file a complaint not later than the 180th day after the date the purported unlawful employment practice occurred. Tex. Labor Code § 21.202(a). If the TWCCRD dismisses the complaint or does not otherwise resolve it before the 181st day after the date the charge was filed, the TWCCRD must advise the claimant of the dismissal or failure to resolve the complaint in writing. Tex. Labor Code § 21.208.

A claimant who receives this notice from the TWCCRD is entitled to request from the commission a written notice of the complainant's right to file a civil action. Tex. Labor Code § 21.252(a). However, the TWCCRD's "[f]ailure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this

subchapter to bring a civil action against the respondent." Tex. Labor Code § 21.252(d). "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Tex. Labor Code § 21.254; *Windle v. Mary Kay, Inc.*, 2003 WL 21508782, *2 (where the Dallas Court of Appeals held that to "maintain a suit under the TCHRA, a plaintiff must not only file a suit but must also serve the defendant within sixty days from receiving a 'right to sue' notice.").

A civil action may not be brought under the TCHRA later than the second anniversary of the date the complaint relating to the action is filed. Tex. Labor Code § 21.256. However, "Section 21.254's 60-day limitations period is in addition to[,] and under certain circumstances, . . . can take precedence over Section 21.256's two-year statute of limitations." *Davis Educ. Serv. Ctr.*, 62 S.W.3d 890, 893 n. 4 (Tex. App.—Texarkana 2001, no pet.). Moreover, the plaintiff must both file suit and serve process on the defendant within the sixty-day period set forth in Section 21.254. *Roberts v. Padre Island Brewing Co., Inc.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi-Edinburg 2000). "Failure to exhaust these administrative remedies is a jurisdictional defect." *Harris Center*, 2022 WL 1632173, *4.

If the filing date of the lawsuit is inside the sixty-day limitations period, then "[s]ervice of citation outside the limitations period may be given effect only if the plaintiff exercised due diligence in procuring issuance and service of citation upon the defendant." *Roberts*, 28 S.W.3d at 621 (where the Thirteenth Court of Appeals held that the plaintiff's repeated attempts to contact both a process server he had hired and the Cameron County District Clerk's office, which had recommended the process server, did "not constitute due diligence because it is the responsibility of the person requesting service, and not the process server, to see that the service is properly accomplished.").

A TWCCRD notice of right to file a civil action that is mailed is presumed received within seven days thereafter, and it "is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009). Significantly, "[p]lacing letters in the mail **may be proved by circumstantial evidence**, including customary mailing practices used in the sender's business." *Id.* at 291 (emphasis added); *see also Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420-22 (5th Cir. 2007) (where the Fifth Circuit explicitly refused to find that "a plaintiff's bare assertion of non-receipt [of a notice] could create a genuine issue of material fact to survive summary judgment" and only denied summary judgment because "the employee's assertion of non-receipt is supported by circumstantial evidence, and the employer provides an equally weak assertion that notice was mailed[.]"). "Evidence of non-receipt can be used to establish that the notice was never mailed." *Duron*, 560 F.3d at 291.

For example, in *Duron v. Albertson's LLC*, the United States Court of Appeals for the Fifth Circuit reversed the district court's dismissal of federal national origin discrimination and retaliation claims for failure to file suit within the limitations period designated in an EEOC right-to-sue ("RTS") letter. *Id.* at 289 and 291. There, the Fifth Circuit based its decision on the defendant's failure to produce any evidence that the EEOC sent the RTS letter, the plaintiff's affidavit testimony that she did not receive an RTS letter from the EEOC, the plaintiff and plaintiff's counsel's repeated phone calls to the EEOC inquiring into the status of the plaintiff's EEOC complaint, the plaintiff's counsel's email to the EEOC inquiring into the EEOC complaint, and the plaintiff's

counsel's letter to the EEOC in which counsel explicitly advised the EEOC that the plaintiff intended to pursue her rights in the case. *Id.* at 291.

## V. Discussion

### A. National Origin Discrimination Claim

Guzman filed a national origin discrimination claim. Dkt. No. 1-4 at 3-4. Sam's Club has moved for summary judgment on all of Guzman's claims. Dkt. No 9 at 1. Critically, in his Response, Guzman has not produced evidence to support his national origin discrimination claim. *See generally* Dkt. No. 13. Without evidence supporting this assertion, however, Guzman's argument cannot proceed to a trier of fact. Moreover, in his Response, Guzman concedes that he "cannot proceed with any other discrimination claims except for the age discrimination and retaliation claims[.]" Dkt. No. 13 at 3. Thus, considering the evidence in the light most favorable to Guzman, there is no genuine issue of material fact as to Guzman's national origin discrimination claim.

### B. Racial Discrimination Claim

Guzman filed a racial discrimination claim. Dkt. No. 1-4 at 3-4. Sam's Club has moved for summary judgment on this claim. Dkt. No 9 at 5-6. In his Response, Guzman has not produced evidence to support this claim. Instead, Guzman asserts that he no longer disputes Sam's Club's defenses to his racial discrimination claim. Dkt. No. 13 at 3. Moreover, he concedes that he "cannot proceed with any other discrimination claims except for the age discrimination and retaliation claims[.]" Dkt. No. 13 at 3. Without evidence supporting this assertion, however, Guzman's argument cannot proceed to a trier of fact. Thus, considering the evidence in the light most favorable to Guzman, there is no genuine issue of material fact as to Guzman's racial discrimination claim.

**C.     Age Discrimination Claim**

    **1.     Circumstantial evidence shows that Guzman received the TWCCRD Letter.**

Guzman's age discrimination claim fails because he has not produced evidence sufficient to rebut the mailbox rule presumption, and circumstantial evidence shows that he received the TWCCRD Letter. In his Petition, Guzman alleges he received the TWCCRD Letter on or about the date of the letter, and in support thereof, references an exhibit purporting to be the TWCCRD Letter. Dkt. No. 1-4 at 2. However, the TWCCRD Letter is not attached to the Petition, and in his Response, he alleges he did not receive the letter. Dkt. No. 13 at 2. While Guzman admits he failed to timely serve process on Sam's Club, he argues the Court should excuse such failure based on his due diligence. Dkt. No. 13 at 5-6.

In its Motion, Sam's Club argues that Guzman's age discrimination claim fails because he allegedly received the TWCCRD Letter, but failed to serve process on Sam's Club within the applicable limitations period. In its First Amended Reply, Sam's Club argues that Guzman's age discrimination claim fails because he admittedly received the EEOC Letter, but failed to serve process on Sam's Club within the applicable limitations period.

Here, unlike the *Duron* defendant, Sam's Club has produced evidence that the TWCCRD sent the TWCCRD Letter. Specifically, the blue and red stamp noting "RECEIVED FEB 06 2021" on the bottom right portion of the second page of the TWCCRD Letter indicates that counsel for Sam's Club, who was "cc'd," or copied, on the bottom left of the same page, received a copy of the TWCCRD Letter. Dkt. No. 9-3 at 2. Moreover, unlike the *Duron* plaintiff, Guzman fails to allege that he or his counsel ever

contacted the TWCCRD to inform it that he intended to file suit in this case. In *Duron*, the plaintiff and plaintiff's counsel contacted the EEOC multiple times and informed the EEOC in writing that he intended to pursue his rights. *Duron*, 560 F.3d at 291.

Here, Guzman alleges he filed an age discrimination complaint with the TWCCRD on January 22, 2020. Dkt. No. 13 at 2, 13-3 at 1. Between that date and January 20, 2021, Guzman does not allege he contacted the TWCCRD to inquire into the status of his charge. He also admits he received the TWCCRD Letter in his Original Petition and even references same as an allegedly attached exhibit. Dkt. No. 1-4 at 2. Although Guzman denies receipt of the TWCCRD Letter in the affidavit attached to his Response, Guzman's bare assertion of non-receipt is unsupported by any circumstantial evidence. Moreover, Sam's Club's received the TWCCRD Letter as a copied recipient as noted at the bottom of page two of the letter, rather than as the addressee noted at the top of the first page of the letter. Dkt. No. 9-3 at 1-2. The Court finds this constitutes circumstantial evidence that the TWCCRD Letter was mailed to Guzman.

Pursuant to the mailbox rule, which "creates a presumption that . . . [a mailed letter] . . . reached its destination in usual time and was actually received by the person to whom it was addressed[,]" Guzman, then, received the TWCCRD Letter by January 27, 2021 (or seven days after the presumed date of mailing on January 20, 2021), which is more than sixty days prior to the filing date of the Petition, July 23, 2021. *See Duron,* 560 F.3d at 290. Therefore, the Court finds Guzman received the TWCCRD Letter, but failed to file his civil action within sixty days of receipt.

### 2. Guzman failed to both file his civil action and diligently serve process on Sam's Club within the sixty-day period.

Based on the mailbox rule presumption that Plaintiff received the TWCCRD Letter by January 27, 2021, the Court finds Guzman failed to both file his civil action and serve process on Sam's Club within sixty days of receipt of the TWCCRD Letter. The date of receipt of the TWCCRD Letter, rather than the date of receipt of the EEOC Letter, applies because Guzman has only filed state law claims. Guzman is not entitled to equitable tolling by having the service date relate back to the filing date because the filing date is outside the limitations period set forth in the TWCCRD Letter and Section 21.254 of the Texas Labor Code.

Even if Guzman had filed suit timely, he nonetheless failed to diligently serve process on Sam's Club. While Guzman's counsel's firm sustained a staffing shortage caused by the COVID-19 pandemic, "it is the responsibility of the person requesting service . . . to see that the service is properly accomplished." *Roberts*, 28 S.W.3d at 621. Guzman failed to adhere to the applicable limitations period with respect to his age discrimination claim.[9] Thus, considering the evidence in the light most favorable to Guzman, there is no genuine issue of material fact as to Guzman's age discrimination claim.

### D.  Retaliation Claim

In his Original Petition, Plaintiff alleges that "on July 30, 2019 Mr. Guzman was told by SAM'S CLUB management that he was being terminated immediately for allegedly

---

[9] The TWCCRD Letter's sixty-day limitations period, and not the EEOC Letter's ninety-day limitations period, applies to Plaintiff's claims because Plaintiff has only state claims pending. Even if the EEOC's ninety-day limitations period applies, the Court nonetheless finds that Plaintiff failed to act with due diligence because it the responsibility of the person requesting service, and not his nonlawyer staff, to ensure that service properly accomplished.

not doing a store checklist" and "the real reason he was terminated was because of his race/national origin and age, and that he was retaliated [against] for complaining of same to SAM'S CLUB." Dkt. No. 1-4 at 3. In his Response, Guzman argues that he "has met the *Gupta* exception" (which provides that a plaintiff is not required to exhaust administrative remedies for a retaliation claim arising out of an earlier charge) because his retaliation claim arises out of his TWCCRD charge, and he therefore does not have to exhaust his administrative remedies with respect to his retaliation claim. Dkt. No. 13 at 6-7. However, based on Guzman's own allegations, his state retaliation claim arises out of his complaint to Sam's Club, rather than his later complaint to the TWCCRD, that Sam's Club terminated him based on his race and national origin. Dkt. No. 1-4 at 3.

Guzman has failed to file a retaliation charge with the TWCCRD and/or EEOC. The Court finds that Guzman has produced no evidence that he has exhausted his administrative remedies with respect to his retaliation claim. Without supporting evidence, he cannot proceed to a trier of fact. Thus, considering the evidence in the light most favorable to Guzman, there is no genuine issue of material fact as to Guzman's retaliation claim.

## VI.   Recommendation

For the reasons above, it is recommended that Defendant's Motion be **GRANTED**.

## VII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **5th** day of **August, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**